CITY BANK<br>v.<br>JOHNSON.

---

## WALKER et al. v. COPLEY.

It is only where a party resides in the parish in which the action is instituted, that he can be required to answer interrogatories on facts and articles in open court. C. P. 352. Stat. 10 February, 1843.

APPEAL from the District Court of Madison, *Curry*, J. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action instituted against the defendant, at the time an *attorney at law*, for one half of a tract of land and $5,000 as damages, founded on a charge that, the defendant was employed by the plaintiffs and others, for the purpose of removing two floats, as they are called, from the land on which they were located, so that the plaintiffs might enter it, for which the plaintiffs concede the defendant was to have one-half of the land; but they allege that the defendant, after having secured the removal of the floats, in violation of his agreement and in fraud of their rights, entered the whole in his own name, which he retains, and refuses to convey any portion of it to the plaintiffs. Interrogatories were propounded to the defendant, thereby affording him an opportunity of vindicating his conduct; but the petition prayed that they might be answered in open court, on a day to be fixed by the court.

The defendant not appearing, judgment by default was taken against him, and the last day of the court, the 2d of May, was fixed for answering the interrogatories. On that day, when the cause was taken up for confirming the judgment by default, on taking the interrogatories for confessed which had not been answered, an answer by attorneys was filed. The trial proceeded, and the interrogatories being unanswered, they were taken for confessed, and judgment was rendered against the defendant for the land and rent, notwithstanding an affidavit for a continuance, grounded on the absence of the defendant, and his having had no notice of the day fixed by the court for the answering of the interrogatories, propounded to be answered *in open court*. The defendant has appealed, and asks the cause to be remanded, for the purpose of enabling him to explain his conduct and make his defence.

It is alleged in the petition that the defendant resides in the parish of Ouachita. The suit is brought in the parish of Madison, where the land is situated. A party is only bound to answer interrogatories in open court, when he resides in the parish where the court is held. Code of Pract. art. 352. The act of 10th Feb., 1843, p. 14, provides for the mode in which the answers of the party must be taken, in the event of his residing in another parish.

The court erred in taking the interrogatories for confessed; and the judgment is therefore reversed, and the cause remanded for a new trial, the appellees paying the the costs of this appeal.

*Thomas*, for the plaintiffs. *Copley*, appellant, *pro se*.